## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

INDUSTRIAL ACCESS, INC.
1465 Ventura Drive
Cumming, Georgia 30040

        Plaintiff,

v.

PRAETORIAN HOLDINGS GROUP, LLC,
127 Public Square, Suite 4120
Cleveland, Ohio 44114

        Defendant.

**COMPLAINT
FOR INJUNCTIVE RELIEF,
DECLARATORY RELIEF, MONEY
DAMAGES,
AND JURY DEMAND**

Civil Action No.  22-cv-626

Plaintiff, INDUSTRIAL ACCESS, INC. ("Plaintiff" or "Industrial Access") by its attorneys, Rupp Baase Pfalzgraf Cunningham LLC, as and for its complaint against Defendant, PRAETORIAN HOLDINGS GROUP, LLC. ("Defendant" or "Praetorian"), alleges as follows:

### PRELIMINARY STATEMENT

1.    This action seeks (i) a declaration pursuant to 28 U.S.C. § 2201 and Rules 57 and 65 of the Federal Rules of Civil Procedure that Plaintiff Industrial Access cannot be compelled to arbitrate disputes between the parties before the American Arbitration Association or any other arbitral tribunal because the arbitration clause at issue requires that both parties consent to arbitration, and (ii) contractual and/or quasi-contractual damages against Defendant Praetorian.

2.    On or about September 27, 2021, Defendant and Plaintiff entered into an agreement titled the Disassembly and Removal Agreement for Decommissioned Wind Turbine Components between Praetorian Holdings Group, LLC and Industrial Access, Inc. for the

Cohocton and Steel Winds Repowering Projects (the "Agreement") whereby Plaintiff was to disassemble and remove Wind Turbine Generators ("WTGs") as part of two large projects to upgrade wind power facilities.  The Agreement is attached as **Exhibit A**.

3.     Defendant failed to manage and adequately prepare job sites covered by the Agreement as it was obligated to do, resulting in substantial delays.  As a direct result of Defendant's failures, Plaintiff incurred damages, including additional costs related to labor and the rental and maintenance of additional equipment.

4.     Despite the delays caused by Defendant, Plaintiff in good faith continued to work to complete the project as quickly as possible as the Agreement specified that time was of the essence and understanding (as Defendant affirmed) that Plaintiff would be compensated by the delays attributable to Defendant. Defendant failed to compensate Plaintiff, and Plaintiff duly recorded mechanic's liens in relation to same.

5.     Thereafter, despite the fact that the Agreement does not compel arbitration of disputes arising therefrom absent the consent of both parties, Defendant improperly initiated unspecified claims before the American Arbitration Association.  *See* Demand for Arbitration in *Praetorian Holdings Group LLC v. Industrial Access, Inc.*, Case No. 01-22-0003-2373 (the "Arbitration"), attached as **Exhibit B**.

6.     Now, Plaintiff brings this action for damages, injunctive relief, and for a declaratory judgment that Plaintiff cannot be compelled to arbitrate claims arising from and/or relating to the Agreement.

## **PARTIES**

7.     At all times relevant to this action, Plaintiff INDUSTRIAL ACCESS, INC. was and is a Georgia Corporation with a principal place of business at 1465 Ventura Drive,

Cumming, Georgia 30040.

8.     At all times relevant to this action, Defendant PRAETORIAN HOLDINGS GROUP, LLC was and is an Ohio Limited Liability Company with its principal place of business at 127 Public Square, Suite 4120, Cleveland, Ohio 44114.

## JURISDICTION AND VENUE

9.     Plaintiff is a Georgia Corporation with a principal place of business in Georgia.

10.    Defendant is an Ohio Limited Liability Company with a principal place of business in Ohio.

11.    Diversity jurisdiction is appropriate pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and the Defendant, and the amount in controversy exceeds $75,000. Further, jurisdiction is appropriate under 28 U.S.C. § 2201, pursuant to which Plaintiff seeks declaratory relief and to obtain a preliminary and permanent injunction.

12.    Personal jurisdiction over Defendant is proper because (i) Defendant has purposefully availed itself of the laws of New York by contracting with Plaintiff to do work in New York known as the Steel Winds Repowering Project in Lackawanna, New York, and the Cohocton Repowering Project, in Cohocton, New York, and (ii) Plaintiff's claims arise from Defendant's breaches and wrongdoing in relation to said New York projects.

13.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the purported claims asserted by Plaintiff against Defendant occurred within this District.

14.    On information and belief, the purported issues in the Demand for

Arbitration allegedly resulted from the Agreement which required performance within Erie County and Steuben County within this District.

## STATEMENT OF FACTS

**(I - Defendant's Failure to Properly Manage Wind Turbine Generator Projects)**

15.     On or about September 27, 2021, the parties entered into a contract titled "Disassembly and Removal Agreement for Decommissioned Wind Turbine Components between Praetorian Holdings Group, LLC and Industrial Access, Inc. for the Cohocton and Steel Winds Repowering Projects" ("the Agreement"), which is attached as Exhibit A.  Pursuant to the Agreement, Plaintiff was to assist with the decommissioning of wind turbines in various locations throughout Erie County, New York, and Steuben County, New York.

16.     The Agreement provides that "[Plaintiff] acknowledges that time is of the essence in the performance of the Work and agrees to proceed with the performance of the Work in a prompt and diligent manner." (Ex. A, Art. 7).

17.     The Agreement also acknowledges that Plaintiff could only work as fast as Defendant could make the turbines available to Plaintiff: "All Components made available to [Plaintiff] for removal shall be removed from the Steel Winds Project Site by October 15th, 2021 and Cohocton twenty-five (25) days after the completion of the repowering installation work by [Defendant] from the respective WTG [Wind Turbine Generator] pad in accordance with the schedule, provided the number of Components does not materially exceed that of the Agreement Schedule. Weather and/or project delays shall be considered subject to change and added to the completion date of each project." (Ex. A, Art. 7).

18.     Between October 29, 2021, and December 9, 2021, Plaintiff attempted to complete the decommissioning work according to the schedule agreed to by Defendant.

Unfortunately, Defendant's acts and omissions caused Plaintiff to suffer delays, including, but not limited to, Defendant not adequately making the equipment ready for Plaintiff to work on, as well as not providing adequate access to WTGs, and, as a result, causing Plaintiff to suffer significant costs as a result of those delays.

19.     On at least 18 days between November 3 and December 9, 2021, Plaintiff arrived at a job location to find that Defendant had not properly shut down the WTG, had not properly maintained the access roads, and in other similar ways failed to manage the project, causing delays such that Plaintiff was required to incur additional costs in response to Defendant's failures.  In each instance, Plaintiff incurred costs related to a minimum of an hour's labor lost and related equipment rental due to Defendant's delay.

20.     The delays caused by Defendant's failures resulted in in additional costs incurred by Plaintiff in an amount to be determined at trial in excess of $75,000.

### (II – The Permissive Arbitration Clause)

21.     The Agreement does not mandate arbitration between the parties.  Instead, Article 10 of the Agreement contains the following permissive language about arbitration:

> "Disputes between the Parties shall be resolved in accordance with the terms of this contract *and where thereunder **the Parties** refer matters to arbitration*, the location of such proceedings shall be Cleveland, OH according to rules established by the American Arbitration Association."

*See* Agreement, Exhibit A at Art. 10 (emphasis added).

22.     On or about July 26, 2022, Defendant filed a Demand for Arbitration seeking to initiate and compel Plaintiff to participate in arbitration proceedings before the

American Arbitration Association. *See* Demand for Arbitration, attached as **Exhibit B**. The Arbitration arises from the Agreement that forms the basis of this action. *Id.*

23. Defendant has not sought Plaintiff's consent to adjudicate the dispute by arbitration, and, in fact, Plaintiff does not consent to arbitration of this or any other dispute with Defendant.

24. The value of the dispute in the underlying Arbitration exceeds $75,000.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief - Against Defendant)**

25. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs.

26. An actual controversy has now arisen between Plaintiff and Defendant relating to the arbitrability of Defendant's claims against Plaintiff in the Arbitration. Defendant has commenced an arbitration, in which it contends that Plaintiff is required to submit to arbitration and to assert and litigate its defenses in the arbitration forum. Plaintiff, however, has never agreed to submit to arbitration, and, therefore, Plaintiff seeks a declaration of the parties' respective rights and obligations regarding this dispute.

**SECOND CAUSE OF ACTION**
**(Preliminary and Permanent Injunctive Relief - Against Defendant)**

27. Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs.

28. Plaintiff seeks a preliminary and permanent injunction enjoining and restraining Defendant, its agents, servants, employees, attorneys, and all those acting in concert or in active participation with Defendant, from pursuing any claims against Plaintiff in the

Arbitration.

29.     Plaintiff also seeks a permanent injunction requiring Defendant to dismiss the Arbitration against Plaintiff.

30.     Immediate and irreparable harm will result if relief is not granted because Plaintiff will be forced to participate in the Arbitration in order to preserve its rights even though it has no obligation to arbitrate and has never agreed to arbitrate claims with Defendant.  Plaintiff has no adequate legal remedies to prevent this harm.

31.     Injunctive relief poses no appreciable risk of undue prejudice to Defendant because Defendant may adjudicate the claims, which are the subject of the arbitration, in this forum.

**THIRD CAUSE OF ACTION**
**(Breach of Contract)**

32.     Plaintiff repeats and re-alleges each and every allegation contained in foregoing paragraphs of this Complaint, with the same force and effect as if set forth here at length.

33.     On September 27, 2021, Plaintiff and Defendant entered into a contract to decommission and remove various wind turbines and their components for a valuable consideration. A true and correct copy of this contract is attached to this complaint and incorporated by reference in it as **Exhibit A**.

34.     Defendant is obligated and agreed, *inter alia*, to pay Plaintiff the sum of $1,210.74 per load of WTGs loaded by Plaintiff.  Plaintiff ultimately loaded 335 loads of WTGs, but Defendant has only paid Plaintiff for 249 loads.  Defendant is obligated and agreed to pay Plaintiff $4,450 per "standby day" when weather prevented Defendant from working, up to eight days (totaling $35,600).  There were in fact more than eight days of weather delay, but Defendant has not paid Plaintiff as the Agreement requires.  Defendant was required to provide Plaintiff with

good access to the WTG sites and equipment, but repeatedly failed to do so in a timely and reasonable manner, creating delays for Plaintiff.  As a result, Plaintiff incurred significant unexpected labor and rental expenses, which Defendant is required to reimburse, but which it has refused to do.

35.     Plaintiff has duly performed all the terms and conditions of the Agreement on its part.

36.     Defendant breached the Agreement in that it has failed and neglected to perform and fulfill its obligations under the Agreement, in an amount to be determined at trial, in excess of $75,000, despite Plaintiff's completion of the services.

37.     Plaintiff has demanded that Defendant fulfill its obligations under the Agreement, but Defendant has failed and refused and continues to fail and refuse to do so.

38.     By reason of the Defendant's breach of contract, Plaintiff has been damaged in an amount to be determined at trial in excess of $75,000.

### FOURTH CAUSE OF ACTION
**(Unjust Enrichment)**

39.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs of this Complaint, with the same force and effect as if set forth here at length.

40.     Plaintiff conferred a benefit upon Defendant by performing services to remove and decommission wind turbines.

41.     Defendant is aware of the benefit that it received from Plaintiff.

42.     Defendant has retained the benefit conferred by Plaintiff without paying Plaintiff for the services rendered.

43.     The value of the benefit that Defendant is an amount to be determined at trial in excess of $75,000.

44.     It would be unjust to permit Defendant to retain the benefits conferred by Plaintiff without fairly compensating Plaintiff for the services rendered.

**FIFTH CAUSE OF ACTION**
**(Quantum Meruit)**

45.     Plaintiff repeats and re-alleges each and every allegation contained in foregoing paragraphs of this Complaint, with the same force and effect as if set forth here at length.

46.     Plaintiff diligently performed services decommissioning removing wind turbines for Defendant.

47.     Defendant has benefitted and will continue to benefit from the services provided by Plaintiff, because Plaintiff removed older WTGs and Defendant was able to install newer upgraded WTGs.

48.     The value of the benefit that Defendant is an amount to be determined at trial in excess of $75,000.

49.     It would be unjust to permit Defendant to retain the benefits from the services provided by the Plaintiff without fairly compensating Plaintiff.

**DEMAND FOR JURY TRIAL**

50.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**WHEREFORE**, Plaintiff Industrial Access, Inc. demands judgment against Defendant as follows:

1.     That the Court declare that Plaintiff is not obligated to submit to arbitration of Defendant's claims against Plaintiff; That Defendant be preliminarily and permanently restrained and enjoined from pursuing its purported claims against Plaintiff in any arbitration forum;

2.    That Defendant be required to dismiss Plaintiff from the Arbitration;

3.    That Plaintiff be awarded an amount to be determined at trial;

4.    That Plaintiff be awarded any pre- and post-judgment interest as may be required by law.

5.    That Plaintiff be awarded its costs and expenses incurred herein; and

6.    That the Court grant such other and further relief as it deems just and proper.

Dated:    August 19, 2022
          Buffalo, New York                    **RUPP BAASE PFALZGRAF**
                                               **CUNNINGHAM LLC**
                                               Attorneys for Plaintiff

                                               By:  ___/s/Aaron W. Knights___
                                                    Aaron W. Knights, Esq.
                                                    Kyle C. DiDone, Esq.
                                                    Samuel L. Yellen, Esq.

                                               1600 Liberty Building
                                               Buffalo, New York 14202
                                               (716) 854-3400
                                               knights@ruppbaase.com