

Justin M. Lovdahl
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Direct Dial: 216.363.4434
Fax: 216.363.4588
jlovdahl@beneschlaw.com

January 18, 2023

The Hon. Michael J. Roemer
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

> Re: *Industrial Access, Inc. v. Praetorian Holdings Group*, Civil Action No. 22-cv-00626; Response to Objection and Request to Strike Supplemental Declaration

Dear Judge Roemer:

Please let this correspondence serve as Praetorian Holdings Group's ("PHG") opposition to Plaintiff Industrial Access, Inc.'s ("Plaintiff") improper letter dated January 12, 2023 (the "Letter") (ECF No. 30) seeking to strike the Supplemental Declaration of Matthew R. Bahnij ("Supplemental Declaration") (ECF No. 29-1). For the reasons set forth below, Plaintiff's Letter should be disregarded and overruled.

As an initial point, Plaintiff's attempt to strike the Supplemental Declaration by way of a letter is procedurally defective and should not be considered as a valid Motion to Strike. Plaintiff's Letter does not specify the procedural rule or legal authority under which it is was submitted and therefore cannot be considered a motion. A "Motion to Strike" by its very name is a "Motion." Accordingly, the relief sought in Plaintiff's Letter is subject to both the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the United States District Court for the Western District of New York (the "Local Rules").

The relief sought by Plaintiff falls within the Court's Local Rules pertaining to Motion Practice. Indeed, such submission is improper to submit by letter as it requires a compliant Notice of Motion. *See* Loc. R. Civ. P. 7 (a)(1) ("A notice of motion is required for *all motions* and must state: the relief sought, the grounds for the request, the papers submitted in support, and the return date for the motion, if known."). The failure to comply with the Local Rules is grounds for striking and denying the motion. *Id. See Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v Haltman*, CV135475JSAKT, 2015 WL 9701024, at *2 [EDNY Aug. 26, 2015], report and recommendation adopted sub nom. *Official Comm. of Unsecured Creditors v Haltman*, 13-CV-5475(JS)(ARL), 2016 WL 183318 [EDNY Jan. 13, 2016] (noting that the letter motion to strike was "procedurally defective" in that it failed to comply with the court's local rules.). Accordingly, Plaintiff's Letter is not a proper motion and should be rejected/denied for failing to comply with the Court's Local Rules and Your Honor's Practice Rules. Plaintiff's Letter is no more than an improper attempt to submit a reply brief without leave of court.

Even assuming *arguendo* that Plaintiff's Letter is construed as a valid Motion to Strike, it still fails as a matter of law. The Western District of New York acknowledges that "motions to strike are generally looked upon with disfavor." *See New York State Elec. & Gas Corp. v U.S. Gas & Elec., Inc.*, 697 F Supp 2d 415, 438 [WDNY 2010]. Indeed, "the party moving to strike bears a heavy burden, as courts generally disfavor motions to strike." *See Siani v State Univ. of New York at Farmingdale*, 7 F Supp 3d 304, 334 [EDNY 2014]. Here, Plaintiff's improper Letter puts forth no valid justification to support striking the Supplemental Declaration. As previously briefed in detail, *if* the Court determines that the Arbitration Agreement is ambiguous it should allow for limited discovery and the subsequent presentation of evidence.

First, Plaintiff's position that the Supplemental Declaration is untimely is without merit. Here, the Court set supplemental briefing deadlines that included a deadline to not only file a supplemental brief on the requested topics but to also a deadline to respond to or oppose the other parties' supplemental brief. PHG adhered to those deadlines and filed its response to IA's supplement brief and included a supplemental declaration submitted in opposition to the new declaration attached to IA's supplemental brief. Simply put, IA's argument ignores that the Supplemental Declaration is itself an opposition and response to IA's supplemental brief and new declaration.

Regardless, all extrinsic evidence at this point is premature. As addressed at length in PHG's Supplemental Briefing (ECF No. 27), the Court may only consider extrinsic evidence upon a finding that the Arbitration Agreement is ambiguous. *See Schempp v GC Acquisition, LCC*, 161 F Supp 3d 584, 590 [ND Ohio 2014], affd sub nom. *Schempp v GC Acquisition, LLC*, 630 Fed Appx 541 [6th Cir 2015]; *see also Olin Corp. v Ins. Co. of N. Am.*, 221 F3d 307, 318 [2d Cir 2000]. To date, the Court has made no such finding. Rather, the entire purpose of the requested post-hearing briefing was to address the issue of how the Court should proceed *if* it determined that the Arbitration Agreement is ambiguous.

Both Plaintiff and PHG agree that if the Court determines that the Arbitration Agreement is ambiguous, then the Court should review extrinsic evidence. (ECF Nos. 26 and 27). Accordingly, PHG in its Supplemental Brief specifically requested the opportunity to submit extrinsic evidence–which would include, but not limited to, the Supplemental Declaration and accompanying testimony. However, Plaintiff in its Post-Hearing Brief prematurely submitted its own extrinsic evidence which included cherry-picked emails and its own supplemental declaration of an individual who was not involved in the contract negotiations. (ECF No. 26). PHG's Response (ECF No. 29) therefore addressed the premature nature of Plaintiff's extrinsic evidence while also directly responding to allegations in the Supplemental Declaration.

In summary, the extrinsic evidence before the Court is incomplete and premature, not late. If the Court determines that the Arbitration Agreement is ambiguous it should allow Plaintiff and PHG to engage in limited discovery to identify all extrinsic evidence and present such evidence at a subsequent evidentiary hearing. Such discovery would include **all IA's internal emails** related to its negotiation and understanding of the contract and its terms (not just those cherry picked by IA) as well as depositions of the individuals at IA **who actually negotiated the contract** with PHG.

Second, Plaintiff's position that the Supplemental Declaration has no "probative value" and is not "relevant" is an attempt to downplay the significance of the extrinsic evidence that PHG intends

to pursue and present to the Court. The Supplemental Declaration is not merely a recitation of PHG's subjective intent of the Arbitration Agreement as argued by Plaintiff. Rather, it specifically provides that Mr. Bahnij of PHG had specific conversations with Eric Caudill and Dan Bullard from IA concerning the Agreement and the Arbitration Agreement.

In its pertinent part the Supplemental Declaration provides:

> 5. I spoke with Eric Caudill and Dan Bullard from Plaintiff and reviewed each Article of the Agreement—including the Arbitration Agreement included in Article 10—before the execution of the Agreement.
>
> 6. I specifically conveyed to Eric Caudill and Dan Bullard that any and all disputes that arose from or related to the Agreement would be resolved through final and binding arbitration subject to the America Arbitration Association rules.
>
> 7. I specifically conveyed to Eric Caudill and Dan Bullard that the purpose and intent of Article 10 was a binding arbitration provision whereby both PHG and Plaintiff agreed that any dispute referred by either party would be subject to arbitration.

The Supplemental Declaration supports a finding that PHG's interpretation of the Arbitration Agreement was conveyed to IA, IA accepted that term, and that there was a mutual understanding and intent as to the meaning of the Arbitration Agreement. Clearly such information is relevant and highly probative of the issues pending before the Court. Further, to the extent the Court finds that there are conflicting submitted declarations—as Plaintiff's Letter suggests—an evidentiary hearing is necessary. *See Glass v Tradesmen Intl., LLC*, 5:19-CV-01331, 2020 WL 5798018, at *2 [ND Ohio Sept. 29, 2020] (allowing for discovery and finding that an evidentiary hearing was necessary where the parties' declarations were conflicting).

Plaintiff's additional argument that it has no opportunity to rebut the Supplemental Declaration is mistaken. For the reasons stated above, the Supplemental Declaration is itself a rebuttal to IA's new declaration. Regardless, if the Arbitration Agreement is found ambiguous, Plaintiff and PHG must be allowed to engage in limited discovery and have the opportunity to present all extrinsic evidence at a subsequent evidentiary hearing. Plaintiff's argument therefore is without merit and further demonstrates the need for limited discovery and an evidentiary hearing through which Plaintiff will have the opportunity to try and "rebut" the Supplement Declaration.

The Hon. Michael J. Roemer
January 18, 2023
Page 4

For these reasons, Plaintiff's Letter seeking to strike PHG's Supplemental Declaration should be disregarded and denied.

                        Sincerely,

                        BENESCH, FRIEDLANDER,
                         COPLAN & ARONOFF LLP

                        Justin M. Lovdahl-

JML:cm