UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

INDUSTRIAL ACCESS INC.,

    Plaintiff,

v.

                                    22-CV-626 (JLS) (MJR)

PRAETORIAN HOLDINGS GROUP
LLC,

    Defendant.

---

## DECISION AND ORDER

Plaintiff Industrial Access Inc. ("IA") commenced this action on August 19, 2022, against Defendant Praetorian Holdings Group ("PHG") seeking breach of contract damages, a declaratory judgment, and a preliminary and permanent injunction. Dkt. 1. On September 20, 2022, PHG filed a motion to compel arbitration and to dismiss, or alternatively to stay, this action. Dkt. 8. On October 18, 2022, IA cross-moved for a preliminary injunction to prevent arbitration from proceeding. Dkt. 12. On October 24, 2022, this Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 18.

Presently before the Court is Judge Roemer's Report and Recommendation ("R&R") recommending: (1) that PHG's motion to compel and to dismiss and/or stay the action be denied, and (2) that IA's motion for a preliminary injunction enjoining

the arbitration be granted.[1] Dkt. 36. No party filed objections to the R&R, and the time to do so has passed.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which objections are not raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's R&R. In the absence of objections, the Court accepts and adopts Judge Roemer's recommendations to deny PHG's motion to compel arbitration and to dismiss and/or to stay, and to grant IA's motion for a preliminary injunction, as set forth in the R&R. The Court further agrees with Judge Roemer's determination that IA need not post security pursuant to Rule 65.

---

[1] As to whether the Court should require IA to post a bond pursuant to Rule 65, Judge Roemer found there is "no reason to require plaintiff to post security [] because there is no risk of a monetary loss of damages to defendant while the injunction is pending." Dkt. 46, at 25 n.14.

2

## CONCLUSION

For the reasons above and in the R&R, PHG's motion to compel arbitration and to dismiss, or in the alternative stay, the complaint (Dkt. 8) is DENIED, and IA's motion for a preliminary injunction (Dkt. 12) is GRANTED.

IT IS HEREBY ORDERED that Defendant PHG, and any party or entity acting on Defendant's behalf, shall be enjoined from compelling Plaintiff IA to participate in the arbitration or taking any further action with respect to Plaintiff IA in American Arbitration Association Case No. 01-22-0003-2373, or otherwise, during the pendency of the instant action.

The Court refers this case back to Judge Roemer for further proceedings, consistent with the prior referral order (Dkt. 18).

SO ORDERED.

Dated:   July 7, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE